UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

ANDREW HEAZELTINE,

    Plaintiff,

v.

ANDREW SAUL,
  Acting Commissioner of Social Security,

    Defendant.

CAUSE NO.: 4:17-CV-19-HAB

**OPINION AND ORDER**

Plaintiff Andrew Heazeltine seeks review of the final decision of the Commissioner of the Social Security Administration (Commissioner) denying his application for disability insurance benefits. Plaintiff alleges that he has been disabled since August 2013 due to chronic back pain.

**ANALYSIS**

**A.    Standard of Review**

A claimant who is found to be "not disabled" may challenge the Commissioner's final decision in federal court. This Court must affirm the ALJ's decision if it is supported by substantial evidence and free from legal error. 42 U.S.C. § 405(g); *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002). Substantial evidence is "more than a mere scintilla of proof." *Kepple v. Massanari*, 268 F.3d 513, 516 (7th Cir. 2001). It means "evidence a reasonable person would accept as adequate to support the decision." *Murphy v. Astrue*, 496 F.3d 630, 633 (7th Cir. 2007); *see also Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995) (substantial

evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (citation and quotations omitted).

In determining whether there is substantial evidence, the Court reviews the entire record. *Kepple*, 268 F.3d at 516. However, review is deferential. *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). A reviewing court will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (quoting *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000)).

Nonetheless, if, after a "critical review of the evidence," the ALJ's decision "lacks evidentiary support or an adequate discussion of the issues," this Court will not affirm it. *Lopez*, 336 F.3d at 539 (citations omitted). While the ALJ need not discuss every piece of evidence in the record, he "must build an accurate and logical bridge from the evidence to [the] conclusion." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). Further, the ALJ "may not select and discuss only that evidence that favors his ultimate conclusion," *Diaz*, 55 F.3d at 308, but "must confront the evidence that does not support his conclusion and explain why it was rejected," *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004). Ultimately, the ALJ must "sufficiently articulate his assessment of the evidence to assure" the court that he "considered the important evidence" and to enable the court "to trace the path of [his] reasoning." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993) (quoting *Stephens v. Heckler*, 766 F.2d 284, 287 (7th Cir. 1985) (internal quotation marks omitted)).

**B.     The ALJ's Decision**

A person suffering from a disability that renders him unable to work may apply to the Social Security Administration for disability benefits. *See* 42 U.S.C. § 423(d)(1)(A) (defining disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months"). To be found disabled, a claimant must demonstrate that his physical or mental limitations prevent him from doing not only his previous work, but also any other kind of gainful employment that exists in the national economy, considering his age, education, and work experience. § 423(d)(2)(A).

If a claimant's application is denied initially and on reconsideration, he may request a hearing before an ALJ. *See* 42 U.S.C. § 405(b)(1). An ALJ conducts a five-step inquiry in deciding whether to grant or deny benefits: (1) whether the claimant is currently employed, (2) whether the claimant has a severe impairment, (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling, (4) if the claimant does not have a conclusively disabling impairment, whether he has the residual functional capacity to perform his past relevant work, and (5) whether the claimant is capable of performing any work in the national economy. *See* 20 C.F.R. § 404.1520; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

Here, at step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 30, 2013, the alleged onset date. At step two, the ALJ found that Plaintiff had the severe impairment of lumbar degenerative disc disease. At step

3

three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments." (R. 21.) At step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 404.1567(c), except that he had additional postural limitations. He could only occasionally balance, stoop, kneel, crouch, crawl, or climb. Based on the above RFC, the ALJ found that Plaintiff was unable to perform his past relevant work as a heavy equipment operator. At step five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform and, thus, he was not disabled.

**C.     State Agency Medical Experts**

The residual functional capacity (RFC) measures what work-related activities a claimant can perform despite his limitations. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004). It is the most the claimant can still do. *Craft v. Astrue*, 539 F.3d 668, 675–76 (7th Cir. 2008) (citing 20 C.F.R. § 404.1545(a)(1)). A claimant's RFC must be based upon the medical evidence in the record and other evidence, such as testimony by the claimant or his friends and family. 20 C.F.R. § 404.1545(a)(3). In making a determination, the ALJ must decide which treating and examining doctors' opinions should receive weight, and explain the reasons for that finding. 20 C.F.R. § 404.1527. Additionally, the ALJ's RFC assessment must contain a narrative discussion describing how the evidence supports the ALJ's conclusions and explaining why any medical source opinion was not adopted

4

if the ALJ's RFC assessment conflicts with such an opinion. SSR 96–8p, 1996 WL 374184, at **5, 7; *accord Briscoe v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2005).

The regulations specifically address evidence from state agency medical consultants.

> (b) Administrative law judges are responsible for reviewing the evidence and making administrative findings of fact and conclusions of law. They will consider prior administrative medical findings and medical evidence from our Federal or State agency medical or psychological consultants as follows:
>
> > (1) Administrative law judges are not required to adopt any prior administrative medical findings, but they must consider this evidence according to §§ 404.1520b, 404.1520c, and 404.1527, as appropriate, because our Federal or State agency medical or psychological consultants are highly qualified and experts in Social Security disability evaluation.

20 C.F.R. § 404.1513a(b)(1).

On appeal, Plaintiff argues that the ALJ's RFC determination was not supported by substantial evidence because the ALJ failed to provide adequate reasons for rejecting the opinions of the State Agency medical consultants. Plaintiff asserts that the ALJ, after rejecting these opinions, made up her own limitations. The Commissioner defends the ALJ's decision, arguing that the ALJ adequately explained the reasons for the weight she assigned to the opinions.

The opinions at issue are those of State agency medical consultant Joshua Eskonen, D.O., and the opinion by State agency medical consultant M. Ruiz, M.D, who affirmed Dr. Eskonen's opinion as written. On January 23, 2014, Dr. Eskonen opined that Plaintiff could occasionally lift and carry 20 pounds and could frequently lift and carry 10 pounds.

5

(R. 62–63). Dr. Eskonen also opined that Plaintiff could occasionally climb ladders, ropes and scaffolds; stoop; and crawl. (R. 63). He opined that Plaintiff could frequently climb ramps and stairs; kneel; and crouch. (*Id.*) Plaintiff's ability to balance was unlimited (*Id.*). Dr. Eskonen opined that Plaintiff was limited to performing work at the light exertional level.[1] On March 14, 2014, Dr. Ruiz affirmed Dr. Eskonen's opinion as written.

The ALJ assigned some weight to the State agency medical consultants' opinions concerning Plaintiff's postural limitations. She included these in the RFC, but with some modifications for frequency—finding that Plaintiff could only occasionally (not frequently) climb, kneel, crouch, and crawl. The RFC also limited Plaintiff to occasional balancing, despite Dr. Eskonen's opinion that Plaintiff's ability to balance was unlimited. The ALJ explained that the portion of the consultant's opinion that addressed postural limitations was supported by the findings of a consultative physical exam that had been conducted on December 31, 2013—a month prior. These findings included positive straight leg raising, lumbar tenderness, difficulty bending and squatting, and Plaintiff's inability to walk on his heels and toes. (R. 205.)

However, the ALJ assigned little weight to the determination that Plaintiff was otherwise limited to light work. Instead, the ALJ believed that Plaintiff was capable of

---

[1] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567(b).

6

performing medium work as defined by 20 C.F.R. § 404.1567(c), with some additional postural limitations.[2] The main disagreement, then, was with the amount of weight Plaintiff could lift on a frequent basis.

The ALJ explained that she was giving little weight to Dr. Eskonen's and Dr. Ruiz's opinions with regard to the exertional level because other objective medical evidence failed to support that limitation. (R. 24.) She pointed specifically to the findings of a January 2014 lumbar x-ray, which demonstrated no evidence of significant disc space narrowing in the lumbar spine. The ALJ also pointed to a June 4, 2015, treatment note where Plaintiff denied experiencing any limb weakness or peripheral paresthesias. In addition, the ALJ noted earlier in the RFC analysis that the same consultative exam that supported postural limitations also revealed that Plaintiff had a normal station and did not need an assistive device. (R. 23.)

The ALJ also recognized that objective medical evidence supported some limitations in the ability to perform work. She acknowledged that Plaintiff's complaints of low back pain were corroborated by the December 2013 consultative physical exam showing that he could not walk on his heels and toes, had difficulty bending and squatting, had tenderness to the lumbar spine and positive straight leg raising bilaterally. (R. 23.) She noted that the January 2014 x-ray demonstrated moderate diffuse facet sclerosis of the lower lumbar spine greatest at L5-S1, and a mild wedge deformity of the T12 vertebral body.

---

[2] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c).

The Court finds that the ALJ met her burden to explain which opinions she accepted and which she discounted and why. The Plaintiff appears to be arguing that, because the ALJ did not fully adopt the only medical opinions in the record, she was playing doctor by arriving at conclusions regarding Plaintiff's exertional limitations that were different from those contained in the opinions. But an ALJ is "not required to rely entirely on a particular physician's opinion or choose between the opinions any of the claimant's physicians" in making her RFC determination. *Schmidt v. Astrue*, 496 F.3d 833, 845 (7th Cir. 2007) (citing *Diaz v. Chater*, 55 F.3d 300, 306 n.2 (7th Cir. 1995)). The ALJ's responsibility is to "consider the entire record." *Id.* The determination of the RFC is an issue reserved to the ALJ. 20 C.F.R. § 404.1527(e)(2).

In this appeal, Plaintiff's challenge is limited to the ALJ's assessment of the medical evidence. As explained above, the ALJ articulated her reasons for the weight she assigned to the State agency consultant's conclusions, which were the only medical opinions in the record. In doing so, the ALJ cannot be accused of ignoring an entire line of evidence, or selecting and discussing only the evidence that favored her ultimate conclusion. Accordingly, this Court is left with the prospect of inappropriately reweighing evidence, resolving conflicts, deciding questions of credibility, or substituting its own judgment for that of the Commissioner. Under the deferential standard of review, Plaintiff has not identified grounds for remand.

## CONCLUSION

For the reasons stated above, the Court AFFIRMS the decision of the Commissioner.

SO ORDERED on August 19, 2019.

                                             *s/ Holly A. Brady*
                                             JUDGE HOLLY A. BRADY
                                             UNITED STATES DISTRICT COURT